UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | |
| v. | C.A. No.1:11-cv-11538 (GAO) |
| JOHN ALEXANDER GRANT, SAGE ADVISORY GROUP, LLC, and BENJAMIN LEE GRANT | |
| Defendants. | |

## [PROPOSED] FINAL JUDGMENT AS TO DEFENDANT JOHN A. GRANT

The Securities and Exchange Commission having filed a Complaint and Defendant John A. Grant having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

### I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant shall comply with the provisions of the Order Instituting Proceedings, Making Findings and Imposing Remedial Sanctions issued by the United States Securities and Exchange Commission on July 15, 1988, and attached hereto. Defendant shall not associate or become associated (as those terms are used in Section 202(a)(17) of the Investment Advisers Act of 1940 [15 U.S.C. § 80b-2(a)(17)] and Section 3(a)(18) of the Securities Exchange Act of 1934 [15 U.S.C. § 78c(a)(17])

with any broker or dealer, investment company, investment adviser or municipal securities
dealer.

## II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and
Defendant's agents, servants, employees, attorneys, and all persons in active concert or
participation with them who receive actual notice of this Final Judgment by personal service or
otherwise are permanently restrained and enjoined from violating, directly or indirectly, Sections
206(1) and 206(2) of the Investment Advisers Act of 1940 [15 U.S.C. §§80b-6(1), 80b-6(2)], by
using any means or instrumentality of interstate commerce, or of the mails, in connection with
acting as an investment adviser:

   (1)   to employ any device, scheme, or artifice to defraud any client or prospective
         client; or

   (2)   to engage in any transaction, practice, or course of business which operates as a
         fraud or deceit upon any client or prospective client.

## III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable
for disgorgement of $50,000, representing revenue received as a result of the conduct alleged in
the Complaint, together with prejudgment interest thereon in the amount of $1,392.27, and a civil
penalty in the amount of $150,000 pursuant to Section 209(e) of the Advisers Act [15 U.S.C.
§80b-9(e)]. Defendant shall satisfy this obligation pursuant to the terms of the payment schedule
set forth in Section IV below.

2

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; John A. Grant as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

3

**IV.**

John A. Grant shall pay $201,392.27 (the total of disgorgement, prejudgment interest, and penalty due) in four installments to the Commission, according to the following schedule: (1) $50,348.07, within 14 days of entry of this Final Judgment; (2) $50,348.07, within 90 days of entry of this Final Judgment plus post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961; (3) $50,348.07, within 180 days of the entry of this Final Judgment plus post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961; and (4) $50,348.06, within 270 days from the entry of this Final Judgment plus post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any delinquent amounts. Prior to making the final payment set forth herein, John A. Grant shall contact the staff of the Commission for the amount due for the final payment.

If John A. Grant fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

**V.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein, including, but not limited to, the undertakings to:

4

(i)     notify each of his current clients by first-class mail of the Final Judgment in this action within 10 business days of the entry of the Final Judgment. This notification shall include a copy of the Consent to Judgment and the Final Judgment. This notification shall also inform clients that Defendant is not permitted to offer investment advisory and/or broker-dealer services or to act as an associated person of Sage Advisory Group LLC in any way; and,

(ii)    certify, in writing, compliance with the undertaking(s) set forth above. The certification shall identify the undertaking(s), provide written evidence of compliance in the form of a narrative, and be supported by exhibits sufficient to demonstrate compliance. The Commission staff may make reasonable requests for further evidence of compliance, and Defendant agrees to provide such evidence. Defendant shall submit the certification and supporting material to Assistant Regional Director Kevin B. Currid, Securities and Exchange Commission, Boston Regional Office, 33 Arch Street, Boston, MA 02110, with a copy to the Office of Chief Counsel of the Enforcement Division, Securities and Exchange Commission, 100 F Street, NE, Washington, DC 20549, no later than sixty (60) days from the date of the completion of the undertakings.

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## VII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: _May 17, 2013_

_____

UNITED STATES DISTRICT JUDGE