UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-11538-GAO

SECURITIES AND EXCHANGE COMMISSION,
Plaintiff,

v.

BENJAMIN LEE GRANT and SAGE ADVISORY GROUP, LLC,
Defendants.

ORDER
December 12, 2013

O'TOOLE, D.J.

The Securities and Exchange Commission ("SEC") alleges that the defendants Benjamin Lee Grant ("Lee Grant") and Sage Advisory Group, LLC ("Sage") violated Sections 206(1) and (2) of the Investment Advisers Act of 1940, 15 U.S.C. §§ 806-b(1) and (2), by failing to disclose to Sage's advisory clients essentially two facts: that Lee Grant's father, Jack Grant, had been barred by a prior consent decree from associating with any investment adviser, and that notwithstanding the bar, he was associated with Sage and Lee Grant. Further, the complaint alleges that Sage violated its duty, imposed by Section 207 of the Advisers Act, 15 U.S.C. § 80b-7, to disclose to its clients and the SEC by means of required Form ADV, that Jack Grant was an "advisory affiliate" of Lee Grant and Sage in the necessary sense and that he had previously been barred from associating with an investment adviser and also had been subjected to professional discipline as a lawyer. The defendants have moved for summary judgment.

The parties have submitted a voluminous summary judgment record. While there is ample evidence that Jack Grant was "associated with" Lee Grant and Sage in a general, everyday understanding of that term, there is a substantial question whether they were associated or

affiliated in the specific sense necessary to show a violation of the implicated statutes. There are disputed facts, and there certainly are disputed inferences to be drawn from the facts. In short, it is not possible to say that there are no genuine issues as to material facts, a necessary conclusion for the grant of summary judgment. Rather, the facts and the inferences to be drawn from them are properly to be resolved by a trier of fact on the basis of a full evidentiary presentation, including witness testimony.

Accordingly, the defendants' Motion for Summary Judgment (dkt. no. 22) is DENIED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge