UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JOHN ALEXANDER GRANT, )<br>SAGE ADVISORY GROUP, LLC and )<br>BENJAMIN LEE GRANT, )<br>)<br>Defendants. )<br>) | Case No. 1:11-cv-11538-GAO |

# FINAL JUDGMENT AS TO DEFENDANTS
# BENJAMIN LEE GRANT AND SAGE ADVISORY GROUP, LLC

Plaintiff Securities and Exchange Commission ("the Commission") having filed a Complaint; defendants Benjamin Lee Grant ("Grant") and Sage Advisory Group, LLC ("Sage") having consented to the entry of this Final Judgment, waived findings of fact and conclusions of law, and waived any right to appeal from this Final Judgment; defendants Grant and Sage having admitted the facts set forth in Appendix A to the Consent of Defendants Benjamin Lee Grant and Sage Advisory Group, LLC, which is hereby incorporated by reference with the same force and effect as if fully set forth herein; and defendants Grant and Sage having acknowledged that their conduct violated the federal securities laws:

I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Grant, Sage, and their agents, servants, employees, attorneys, and all persons in active concert or participation

with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 206(1) and (2) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(1), (2)] by, directly or indirectly, using the mails or any means or instrumentality of interstate commerce to: (a) employ any device, scheme, or artifice to defraud any client or prospective client; or (b) engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client.

## II.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Grant, Sage, and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 207 of the Advisers Act [15 U.S.C. § 80b-7] by willfully:

(a) making an untrue statement of a material fact in a registration application or report filed with the Commission under Section 203 of the Advisers Act [15 U.S.C. § 80b-3] or Section 204 of the Advisers Act [15 U.S.C. § 80b-4]; or

(b) omitting to state in any such application or report any material fact which is required to be stated therein.

## III.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Grant shall pay a civil penalty in the amount of $150,000, pursuant to Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9(e)]. Grant shall satisfy this obligation by making five installment payments

according to the following schedule:

| Days after Entry of Final Judgment | Amount Due |
|---|---|
| 10 | $30,000 |
| 90 | $30,000 |
| 180 | $30,000 |
| 270 | $30,000 |
| 360 | $30,000 |
|  | **$150,000** |

Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post-judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 14 days of entry of the Final Judgment. Prior to making the final payment set forth herein, Grant shall contact the staff of the Commission for the exact amount due for the final payment.

If Grant fails to make a payment by the date specified and/or in the amount specified according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

Grant may make payment electronically, and the Commission will provide ACH transfer/Fedwire instructions upon request. He may make payment directly from a bank account via Pay.gov through the Commission's website (http://www.sec.gov/about/offices/ofm.htm). He may also make payment by certified check, bank cashier's check, or United States postal money order payable to the Commission, which shall be delivered or mailed to:

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard

3

Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, the name of this Court, the civil action number, and the name of Grant as a defendant in this action, and specifying that the payment is made pursuant to this Final Judgment.

When making a payment, Grant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making a payment, Grant relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to him. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

### IV.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that any debt for disgorgement, prejudgment interest, civil penalty, or other amounts due by Grant under this Final Judgment or any other judgment, order, consent order, decree, or settlement agreement entered in connection with this proceeding, is a debt for the violation by Grant of the federal securities laws or a regulation issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code [11 U.S.C. § 523(a)(19)].

### V.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: May 27, 2015

/s/ George A. O'Toole, Jr.
UNITED STATES DISTRICT JUDGE